IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FELICIA WEEMS,

    Plaintiff,

      v.

COCA-COLA COMPANY, et al.,

    Defendants.

CIVIL ACTION FILE

NO. 1:02-CV-2893-TWT

## OPINION AND ORDER

This is an ERISA action.  It is before the Court on the Coca-Cola Defendants'
Motion for Summary Judgment [Doc. 57], Defendants Reliastar Life Insurance
Company, Kemper National Services Inc., and NATLSCO, Inc.'s ("Reliastar's")
Motion for Summary Judgment and Standard of Review [Doc. 58], and the Plaintiff's
Motion for Standard of Review [Doc. 59] and Motion for Summary Judgment [Doc.
60].  For the reasons set forth below, the Court finds as follows: the Coca-Cola
Defendants' Motion for Summary Judgment is GRANTED; Defendant Reliastar's
Motion for Summary Judgment and Standard of Review is GRANTED; the Plaintiff's
Motion for Standard of Review and Motion for Summary Judgment are DENIED.

I. BACKGROUND

The Plaintiff, Felecia Weems, was an employee of Defendant Coca-Cola and a participant in Coca-Cola's Long Term Disability Income Plan ("the Plan"). The Plan document expressly named Coca-Cola as the Plan Administrator. Coca-Cola delegated certain of its powers and duties as Plan Administrator to the Long Term Disability Committee ("the Committee"). The Plan document also provided for initial claims determinations by Reliastar, the Plan's Administrative Services Provider. In August 1999, Reliastar outsourced its responsibilities under the Plan to NATLSCO. Between August 1999 and December 2002, NATLSCO performed administrative services for the Plan through its subsidiary Kemper.[1]

The Plaintiff started working for Coca-Cola Enterprises in the sales department in 1989. In 1999, she began working with Coca-Cola as a Customer Service Representative. In March 2000, she underwent six months of chemotherapy for breast cancer. During this period, she received Short Term Disability Benefits, which were set to end on September 18, 2000. (Pl.'s Mot. for Summ. J., Ex. 1, at 16). She applied for long term disability benefits. Reliastar determined that she was eligible to receive those benefits, but only through October 18, 2000. On January 12, 2001, the Plaintiff

---

[1]For the sake of simplicity, the Court will collectively refer to Reliastar, NATLSCO, and Kemper as "Reliastar."

appealed this decision and submitted additional information in support of her long term disability benefits claim. On March 12, 2001, Reliastar issued a letter upholding its decision to terminate benefits after October 18, 2000, explaining that the medical information she provided did not demonstrate that she was unable to perform her job. The letter also alerted her that this was the "1ˢᵗ level appeal" and further stated: "If you disagree with this determination, in whole or in part, you may file a second written request for review of your claim. Your request must be made **within sixty (60) days** of the receipt of this letter." (Admin. Rec., at N 250.) On August 20, 2001, over three months after the expiration of the sixty day period, the Plaintiff attempted to appeal the decision. In a response letter dated October 15, 2001, Reliastar advised the Plaintiff that it could not accept her appeal because it was filed over thirteen weeks past its due date. (Id., at N 300.)

The Plaintiff then consolidated her claim with that of other Coca-Cola employees in a class action complaint filed October 22, 2002. Following an April 4, 2005 Order by this Court deconsolidating the case, the Plaintiff filed an amended complaint which included causes of action against both Reliastar and Coca-Cola, as well as the Committee and its representative, Barbara Gilbreath. The Plaintiff brought claims under ERISA § 502(a)(1)(B) for wrongful denial of benefits and § 502(g) for attorney's fees. See 29 U.S.C. § 1132.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).  The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

## III. DISCUSSION

The Defendants argue that the Plaintiff's claim should be denied because she failed to exhaust her administrative remedies by seeking a second appeal from the denial of her long term disability claim.  As a general rule, the Eleventh Circuit requires ERISA plaintiffs to exhaust all available administrative remedies before they file an action in court.  Perrino v. Southern Bell Tel. & Tel. Co., 209 F.3d 1309, 1315 (11th Cir. 2000). The purposes behind the exhaustion requirement include reducing the number of frivolous lawsuits brought under ERISA, minimizing dispute resolution

costs, assisting fiduciaries in carrying out their duties, preventing premature judicial intervention, and providing the courts with a more fully developed record if litigation is necessary.  Id.  The exhaustion doctrine is thus strictly applied, with exceptions made only for cases when "resort to administrative remedies would be futile or the remedy inadequate, or where a claimant is denied meaningful access to the administrative review scheme in place."  Id. at 1315-16.

It is undisputed that the Plaintiff failed to appeal to the Committee the denial of her long term disability claim.  The Plaintiff argues, however, that she meets the futility exception to the exhaustion requirement.  This exception is narrow and applies only when "requiring a plaintiff to exhaust an administrative scheme would be an empty exercise in legal formalism."[2]  Perrino, 209 F.3d at 1318.  Moreover, in addressing this futility exception, several other circuits have mandated that a plaintiff

---

[2]In an attempt to sustain her futility claim under a less stringent standard, the Plaintiff cites to Curry v. Contract Fabricators Inc. Profit Sharing Plan, 891 F.2d 842, 845 (11th Cir. 1990), abrogated on other grounds by Murphy v. Reliance Standard Life Ins. Co., 247 F.3d 1313 (11th Cir. 2001).  There, the Eleventh Circuit excused the exhaustion requirement because it found that the employer had fraudulently refused to provide copies of its plan documents.  As a result, the court concluded that the claimant had been denied "meaningful access" to the plan's procedures.  Id. at 846.  This case is an example of the other exception to the exhaustion doctrine, denial of meaningful access, which this Plaintiff has not asserted.  Moreover, the Plaintiff has made no claim that she was denied any plan documents by any of the Defendants, much less that such a denial was made fraudulently.  Curry is thus inapposite and provides no support to the Plaintiff.

show not merely that she doubts that an appeal will obtain a different result, but that

rejection of her claim is certain.  <u>Fallick v. Nationwide Mut. Ins. Co.</u>, 162 F.3d 410,

419 (6th Cir. 1998); <u>Lindemann v. Mobil Oil Corp.</u>, 79 F.3d 647, 650 (7th Cir. 1996);

<u>Communications Workers of Am. v. American Tel. and Tel. Co.</u>, 40 F.3d 426, 432

(D.C. Cir. 1994).

Sadly, this is not an appropriate case to excuse the exhaustion requirement.  It

is clear that the Eleventh Circuit requires "exceptional circumstances" to excuse the

exhaustion requirement on the grounds of futility.  <u>Perrino</u>, 209 F.3d at 1318.  This is

a case where the Plaintiff had a serious and life threatening illness.  The full extent of

her treatment was never considered by the Committee because of her failure to timely

appeal Reliastar's decision denying her disability claim.  If the Committee had been

informed of the spread of the Plaintiff's cancer and her subsequent reconstructive

surgery, there is a significant likelihood that her appeal would have succeeded.

The Plaintiff also claims attorney's fees under 29 U.S.C. § 1132(g).  The statute

authorizes this Court to award reasonable attorney's fees and costs of action to either

party in an ERISA action.  The Eleventh Circuit considers the following factors in

determining an award of attorney's fees:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the
> ability of the opposing parties to satisfy an award of attorney's fees; (3)
> whether an award of attorney's fees against the opposing parties would
> deter other persons acting under similar circumstances; (4) whether the

parties requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; (5) [and] the relative merits of the parties' positions.

Wright v. Hanna Steel Corp., 270 F.3d 1336, 1344 (11th Cir. 2001).  Here, these factors do not weigh in favor of an award of attorney's fees against any of the Defendants.  The Court thus denies the Plaintiff's motion on this claim.

IV. <u>CONCLUSION</u>

For the reasons set forth above, the Defendant Coca-Cola's Motion for Summary Judgment [Doc. 57] is GRANTED; the Defendant Reliastar's Motion for Summary Judgment and Standard of Review [Doc. 58] is GRANTED; the Plaintiff's Motion for Standard of Review [Doc. 59] and the Plaintiff's Motion for Summary Judgment [Doc. 60] are DENIED.

SO ORDERED, this 24 day of August, 2006.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge