IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LISA ANN BYARS,

    Plaintiff,

       v.

THE COCA-COLA COMPANY, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:01-CV-3124-TWT

MICHELE PALMERI,

    Plaintiff,

       v.

COCA-COLA COMPANY, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:01-CV-3498-TWT

FELICIA WEEMS,

    Plaintiff,

       v.

COCA-COLA COMPANY, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:02-CV-2893-TWT

<u>ORDER</u>

These are ERISA actions involving claims for disability benefits.  They are  before the Court on the Plaintiffs Byars, Palmeri, and Weems's Motions to Withdraw Opinions and to Reassign Cases [Docs. 222, 117, and 80 respectively].  For the reasons set forth below, the Plaintiffs' motions are DENIED.

I. <u>BACKGROUND</u>

The Plaintiffs were employees of Defendant Coca-Cola and participants in Coca-Cola's Long Term Disability Income Plan ("the Plan").  They each brought ERISA actions against their employer and the Plan, among others, seeking damages based on wrongful denial of benefits.  All three Plaintiffs were represented by the same attorney, Pamela I. Atkins.[1] In separate opinions filed in late August 2006, this Court ruled: (1) that Coca-Cola had wrongfully denied Byars' request for disability benefits during the first 24 months of her period of disability, but denied her request for benefits beyond that initial period, as well as her demands for attorney's fees and for damages based on failure to provide ERISA documents; (2) that Palmeri was not entitled to any disability benefits because she had failed to exhaust her administrative remedies, but granted her request for penalties based on Coca-Cola's failure to provide all Plan documents; and (3) that the Defendants were entitled to Summary Judgment as to Weems based on her failure to exhaust her administrative remedies.

---

[1]Ms. Atkins originally represented each of these Plaintiffs in a consolidated class action complaint filed October 22, 2002.  Following an April 4, 2005 Order by this Court deconsolidating the case, the Plaintiffs filed their claims separately.

On September 11, 2006, Plaintiffs' counsel filed these motions based upon a a letter she received from King & Spalding, the law firm representing Defendant Coca-Cola, notifying her that one of my former law clerks, Meredith Bunn, would be joining their firm.  The letter further explained that Ms. Bunn would have no involvement with these cases.  The letter was dated August 3, 2006, and shows that a copy was sent to me.

## II. DISCUSSION

The Plaintiffs contend that because one of my former law clerks–who worked for me during the time when these cases were pending–is now employed by Coca-Cola's counsel, I should vacate the orders entered in these cases and reassign the cases to another judge.  The Plaintiffs cite no caselaw or other authority in support of their argument.  The argument is inconsistent with the prevailing – if not uniform  – practice in the federal judiciary and in this district.  Five minutes of legal research would have shown that there is an overwhelming body of law that rejects the Plaintiffs' argument. Pursuant to 28 U.S.C. § 455(a),"[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  Absent actual bias, however, "disqualification is necessary only if a reasonable person, knowing all the circumstances, would harbor doubts about the judge's impartiality."  Hunt v. American Bank & Trust Co. of Baton Rouge, La., 783 F.2d 1011, 1015 (11th Cir. 1986).  In Hunt, a plaintiff appealed the dismissal of his complaint, arguing *inter alia* that the district judge should have recused himself because two of his law clerks had accepted offers with the defendants' counsel while the case was pending.  The Eleventh Circuit disagreed, stating that:

> It is true that a reasonable person might wonder about a law clerk's impartiality in cases in which his future employer is serving as counsel. Clerks should not work on such cases, just as a judge should not hear cases in which his business associates are involved. A "clerk is forbidden to do all that is prohibited to the judge." Hall v.

Small Business Administration, 695 F.2d 175, 179 (5th Cir.1983); see also Kennedy v. Great Atlantic & Pacific Tea Co., 551 F.2d 593, 596 (5th Cir. 1977).  A judge is not necessarily forbidden, however, to do all that is prohibited to each of his clerks. If a clerk has a possible conflict of interest, it is the clerk, not the judge, who must be disqualified. We do not believe that a law clerk's acceptance of future employment with a law firm would cause a reasonable person to doubt the judge's impartiality so long as the clerk refrains from participating in cases involving the firm in question.

Id. at 1015-16.  Other circuits have similarly stated that a judge should not be disqualified from a case where a law clerk with a connection to counsel or a party  had little or no involvement with the case.  See, e.g., O'Bannon v. Union Pacific R.R. Co., 169 F.3d 1088, 1091 (8th Cir. 1999); Hamid v. Price Waterhouse, 51 F.3d 1411, 1416 (9th Cir. 1995); In re Allied-Signal Inc., 891 F.2d 967, 970 (1st Cir. 1989); Bartel Dental Books Co., Inc. v. Schultz, 786 F.2d 486, 490 (2d Cir. 1986).  The Federal Judiciary's Committee on Codes of Conduct, moreover, issued an Advisory Opinion on this subject.  The Opinion states that where a law clerk accepts employment with a lawyer or law firm in a pending case, the law clerk shall have no involvement in the case.  Such circumstances do not, however, mandate disqualification of the judge.  Comm. on Codes of Conduct for Judges and Judicial Employees, Adv. Op. No. 74 (1998).

My law clerks and I strictly comply with Opinion 74.  Here, after Ms. Bunn informed me that she had received an offer from King & Spalding, I immediately disqualified her from working on any case in which the firm was involved.  Accordingly, at no time did she have any involvement in these cases or in the orders that I issued.  The Plaintiffs contend that the purpose for their motions is merely "to assure that the relationship between Ms. Bunn and defense counsel was communicated in a timely manner to the Court such that Your Honor was knowledgeable of the circumstances and able to take appropriate remedial action."  (Pl.'s Mot. to Withdraw, at 4.)  I can assure the Plaintiffs and their counsel that I timely received all relevant information concerning this relationship and that

Ms. Bunn played no role whatsoever in my decisions in their cases.  There is no need for "remedial" action.  The Plaintiffs' motions are completely without merit.

Furthermore, the Plaintiffs' motions are untimely because their counsel failed to alert the Court as to her concerns when she first became aware of the situation.  "It is well established that a party seeking disqualification 'must do so at the earliest moment after knowledge of the facts demonstrating the basis for such disqualification.'"  Matter of Garofalo's Finer Foods, Inc., 186 B.R. 414, 440 (N.D. Ill. 1995) (quoting Travelers Ins. Co. v. Liljeberg Enter., Inc., 38 F.3d 1404, 1410 (5th Cir. 1994)); accord Polizzi v. U.S., 926 F.2d 1311, 1321 (2d Cir. 1991).  The purpose of this requirement is "to foreclose a litigant from purposely waiting to learn whether the judge has ruled in its favor on the merits of the case before seeking disqualification as a means to defeat an unfavorable ruling."  Matter of Garofalo's, 186 B.R. at 440 (citing Travelers Ins. Co., 38 F.3d at 1411 (citation omitted)); see also Schurz Communications, Inc. v. F.C.C., 982 F.2d 1057, 1060 (7th Cir. 1992) (Posner, J.) ("Litigants cannot take the heads-I-win-tails-you-lose position of waiting to see whether they win and if they lose moving to disqualify a judge who voted against them."); Datagate, Inc. v. Hewlett-Packard Co., 941 F.2d 864, 872 (9th Cir. 1991) (denying a motion to qualify where a party waited until six weeks after discovering the potential conflict and one month after judgment was entered); Faulkner v. National Geographic Society, 296 F. Supp. 2d 488, 490 (S.D.N.Y. 2003) ("Litigants cannot be permitted to sit silently on recusal grounds and then to advance them only after they have lost the case.").  Where a motion to disqualify is not timely raised, it is considered waived.  Travelers Ins. Co., 38 F.3d at 1410; see also U.S. v. Slay, 714 F.2d 1093, 1094 (11th Cir. 1983).

In this instance, the Plaintiffs' counsel received a letter from King & Spalding on or about August 3, 2006, alerting her to Ms. Bunn's status with their firm.  I did not rule on the motions pending in any of these cases until August 24, 2006.  The Plaintiffs' counsel states that she had commenced "an inquiry into these matters" that was "on-going at the time the Court's decisions were issued."  (Pls.' Mot. to Reassign, at 4.)  This is insufficient.  If any of the Plaintiffs or their counsel held any real concerns regarding my impartiality, they should have immediately alerted me upon receipt of opposing counsel's letter.  Because the Plaintiffs' motions are both without merit and untimely, they should be summarily denied.

III. <u>CONCLUSION</u>

For the reasons set forth above, the Plaintiffs' Motions to Withdraw Opinions and to Reassign Cases [Docs. 222, 117, and 80 respectively] are DENIED.

SO ORDERED, this 22 day of September, 2006.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge